UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Steve J. Ankarlo, | Case Type: Personal Injury/FELA |
| | Case No.: 0:19-CV-03166-DWF-LIB |
| Plaintiff, | |
| v. | **DEFEDANT'S CONCISE STATEMENT OF THE CASE** |
| Wisconsin Central Ltd., a Delaware corporation, | |
| Defendant. | |

Pursuant to Paragraph 3 of the Court's February 21, 2020 Pretrial Conference Notice and Order (Doc. 19), defendant Wisconsin Central Ltd. ("WCL") hereby submits a concise Statement of the Case setting forth (A) its version of the facts, (B) a listing of particularized facts supporting defenses, and (C) an itemization and explanation of damages.

**A. WCL'S VERSION OF THE FACTS.**

This is a Federal Employers Liability Act (45 U.S.C. §§ 51-60) case involving defendant WCL's trackman, plaintiff Steve J. Ankarlo. Plaintiff reported a low back strain injury to his supervisor on January 31, 2017, yet claims to have first noticed the symptoms on December 28, 2016 (per his Amended Complaint). Plaintiff claims that he noticed his back pain after repetitious manual labor ("track and switch cleaning and

1

maintenance") but, due to the late personal injury report, cannot identify any particular job task, location or mechanism of injury that preceded or caused his back pain. Plaintiff did not require surgery, and ultimately returned to work on or about October 23, 2017. Defendant has denied liability and the nature and extent of Mr. Ankarlo's claimed damages.

**B. WCL'S LISTING OF PARTICULARIZED FACTS SUPPORTING DEFENSES.**

WCL pleaded the following affirmative defenses in its Answer to plaintiff's Amended Complaint. Though investigation and discovery is still in its infancy, WCL provides the following facts supporting its claimed defenses.

1. **That Plaintiff has or may have failed to mitigate his damages as required by law.**

*Evidence adduced to date reveals that plaintiff was cleared to return to work on or about October 23, 2018, without the need for any surgical intervention. It is unknown whether, or to what extent, plaintiff has or may have failed to mitigate his damages during the approximate 10 months that he missed work. This affirmative defense was pleaded to preserve the defense.*

2. **That Plaintiff's injuries and damages, if any, are the result of problems or causes unknown for which Defendant is not responsible.**

*The nature and extent of plaintiff's pre-existing condition/history of spinal problems has yet to be fully explored, though medical records received to date indicate at typical age-related, degenerative changes.*

3. **That any injuries and damages alleged by Plaintiff, if true, were caused in whole or in part by Plaintiff's own negligence or conduct.**

*It is unknown whether, or to what extent, plaintiff was or may have been contributorily negligent as there is no specific job task or mechanism of injury identified in the pleadings.*

4. **That Plaintiff's injuries and damages, if true, were caused in whole or in part by conduct or negligence of other persons or entities for whose conduct in this incident Defendant is not liable.**

*It is unknown whether, or to what extent, plaintiff's alleged injuries and damages were caused by the conduct or negligence of other persons or injuries as there is no specific job task or mechanism of injury identified in the pleadings.*

5. **That Plaintiff's injuries and damages were caused in whole or in part by preexisting conditions or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the alleged incident which is the basis of Plaintiff's Complaint.**

*The nature and extent of plaintiff's pre-existing condition/history of spinal problems has yet to be fully explored, though medical records received to date indicate at least some age-related, degenerative changes.*

6. **That Plaintiff's claims are or may be barred by the applicable statute of limitations.**

*It is unknown whether plaintiff's claim are or may be barred by the applicable statute of limitations, as there is no specific job task or mechanism of injury identified in the pleadings.*

7. **That Plaintiff's Complaint fails to state a claim upon which relief can be granted.**

*This affirmative defense was pleaded to preserve the defense.*

8. **That Plaintiff's Complaint is or may be barred by the doctrines of laches, estoppel, release, spoliation, preclusion and/or preemption.**

*This affirmative defense was pleaded to preserve the defense. It is currently unknown whether federal and/or state preemption or preclusion is applicable, and will depend largely on the nature of plaintiff's claims as adduced in further discovery.*

9. **That Plaintiff's claim or any recovery in this action is or may be subject to liens, advancements, Railroad Retirement Board payments or payments made by other entities.**

*This affirmative defense was pleaded to preserve the defense. It is currently unknown whether, and to what extent, plaintiff's claim is subject to liens, advancements, RRB payments or payments by other entities.*

10. **That Plaintiff's claim, and any recovery herein, and any settlement or other recovery of damages in this case is subject to Railroad Retirement Board and Medicare taxes, as required by law.**

*This affirmative defense was pleaded to preserve the defense. It is currently unknown whether, and to what extent, plaintiff's claim is subject RRB and Medicare taxes, as well as to other liens, advancements, or payments by other entities.*

**C. WCL'S ITEMIZATION AND EXPLANATION OF DAMAGES.**

Not applicable.

DATE: April 3, 2020          */s/ Eric E. Holman*

*Defendant's Counsel*
Eric E. Holman, #0327918
DONNA LAW FIRM, P.C.
7601 France Avenue South, Suite 350
Minneapolis, MN 55435
952-562-2460
eholman@donnalaw.com

4